# CIVIL COVER SHEET

JS 44 (Rev. 12/07)(cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

People of the State of California ex rel. Edmund G. Brown Jr., Attorney General of the State of California

## DEFENDANTS

United States Food and Drug Administration

**(b)** County of Residence of First Listed Plaintiff Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Laura J. Zuckerman
California Department of Justice/Attorney General's Office
1515 Clay Street, 20th Floor/Oakland, CA 94612
(510) 622-2174

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | **PERSONAL INJURY** | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 320 Assault, Libel & Slander | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 330 Federal Employers' Liability | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 340 Marine | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| | 345 Marine Product Liability | 690 Other | | 490 Cable/Sat TV |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | 810 Selective Service |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 190 Other Contract | 360 Other Personal Injury | | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 195 Contract Product Liability | | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | 730 Labor/Mgmt.Reporting & Disclosure Act | 864 SSID Title XVI | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | 740 Railway Labor Act | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 790 Other Labor Litigation | | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 444 Welfare | | 871 IRS—Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | 445 Amer. w/Disabilities – Employment | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities – Other | 462 Naturalization Application | | |
| | 440 Other Civil Rights | 463 Habeas Corpus – Alien Detainee | | |
| | | 465 Other Immigration Actions | | |

**PERSONAL INJURY**
- 362 Personal Injury—Med. Malpractice
- 365 Personal Injury—Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Freedom of Information Act, 5 U.S.C. section 552

Brief description of cause:
Seeking injunction against improper withholding of documents relating to enforcement of California's Proposition 65.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ Injunction and fees
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". N/A

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE
May 30, 2008

SIGNATURE OF ATTORNEY OF RECORD

AO 440 (Rev. 03/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the

Northern District of California

People of the State of California ex rel. Edmund G.
Brown Jr., Attorney General of the State of California

_____
Plaintiff

v.

U.S. Food and Drug Administration
_____
Defendant

)
)
)
)
)

Civil Action No.

**C08-02741**

ADR

MEJ

### Summons in a Civil Action

To:
U.S. Food and Drug Administration
5600 Fishers Lane
Rockville, MD 20857-0001

A lawsuit has been filed against you.

Within 30* days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Laura J. Zuckerman
State of California Department of Justice
Attorney General's Office
1515 Clay Street, 20th Floor
Oakland, CA 94612

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*per 5 U.S.C. § 552(a)(4)(C)

Richard W. Wieking
Name of clerk of court

**CYNTHIA LENAHAN**

MAY 3 0 2008

Date: _____

Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

AO 440 (Rev. 03/08)  Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
       who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
    _____; or

    (4) returning the summons unexecuted to the court clerk on _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 _____.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   JAMES HUMES
    Chief Deputy Attorney General
3   MATT RODRIQUEZ
    Acting Chief Assistant Attorney General
4   KEN ALEX
    Senior Assistant Attorney General
5   EDWARD G. WEIL
    Supervising Deputy Attorney General
6   State Bar No. 138632
    LAURA J. ZUCKERMAN
7   Deputy Attorney General
    State Bar No. 161896
8     1515 Clay Street, 20th Floor
      Oakland, CA 94612
9   Telephone: (510) 622-2174
    Fax: (510) 622-2270
10  laura.zuckerman@doj.ca.gov

11  Attorneys for People of the State of California *ex rel.*
    Edmund G. Brown Jr., Attorney General of the State
12  of California

13              IN THE UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15              SAN FRANCISCO/OAKLAND DIVISION

16
    **PEOPLE OF THE STATE OF CALIFORNIA**
17  ***ex rel.* EDMUND G. BROWN JR.,**
    **ATTORNEY GENERAL OF THE STATE OF**        Case No.: C08-02741
18  **CALIFORNIA,**

19                              Plaintiff,       **COMPLAINT FOR INJUNCTIVE**
                                                 **RELIEF UNDER THE FREEDOM**
20         v.                                    **OF INFORMATION ACT**

21  **UNITED STATES FOOD & DRUG**
    **ADMINISTRATION,**
22
                                Defendant.
23

24

25         The People of the State of California, by and through Plaintiff Edmund G. Brown Jr.,

26  Attorney General of the State of California, bring suit under the Freedom of Information Act, 5

27  U.S.C. §552, *as amended* ("FOIA"), to enjoin Defendant from improperly withholding records of

28  the United States Food and Drug Administration that relate to California's potentially requiring

Complaint for Injunctive Relief Under FOIA

1 | acrylamide warnings for foods under the state's consumer warning statute, Health & Safety Code

2 | section 25249.5 *et seq.*, otherwise known as Proposition 65. Plaintiff alleges as follows:

3 | <center>**JURISDICTION**</center>

4 | 1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C.

5 | § 552(a)(4)(B).

6 | 2.    Venue in the Northern District of California is proper under 5 U.S.C. § 552(a)(4)(B).

7 | <center>**PARTIES**</center>

8 | 3.    Plaintiff Edmund G. Brown Jr. is the Attorney General of the State of California.

9 | Acting in his official capacity as chief law enforcement officer of the State of California, he has

10 | requested and been denied access to the records at issue here.

11 | 4.    Defendant United States Food and Drug Administration (together with its constituent

12 | agencies and divisions, collectively, the "FDA"), an agency within the United States Department

13 | of Health and Human Services, is an agency within the meaning of 5 U.S.C. § 552(f), is subject

14 | to the requirements of FOIA, and has withheld the records at issue here.

15 | <center>**FACTUAL BACKGROUND**</center>

16 | 5.    The Attorney General filed suit in Los Angeles County Superior Court on behalf of the

17 | People of the State of California nearly three years ago against manufacturers and sellers of

18 | processed potato products, including potato chips and French fries, for violations of Proposition

19 | 65 relating to their failure to warn consumers of the presence of acrylamide, a listed carcinogen,

20 | in their products. This FOIA suit seeks to enforce two separate FOIA requests for records

21 | relating to California's potentially requiring acrylamide warnings for foods under Proposition 65.

22 | 6.    The Attorney General sent the FDA a FOIA request for such records on November 9,

23 | 2007 (the "November 9, 2007 FOIA Request"). A true and correct copy of the November 9,

24 | 2007 FOIA Request is attached to this complaint as Exhibit 1. This request called for the

25 | production of all records "of any communications [the FDA's] employees and/or representatives

26 | have had from April 19, 2006 to the present relating to the issue of California's potentially

27 | requiring acrylamide warnings for foods under Proposition 65, the Safe Drinking Water and

28 | Toxic Enforcement Act of 1986, California Health & Safety Code §§ 25249.5 *et seq.*" Exhibit 1,

Complaint for Injunctive Relief Under FOIA

<center>2</center>

1  November 9, 2007 FOIA Request at 1 (emphasis in original). As of this date, the FDA has

2  provided neither a response to, nor the records sought by, the November 9, 2007 FOIA Request.

3      7.    On March 18, 2008, the Attorney General sent the FDA another FOIA request, a true

4  and correct copy of which is attached hereto as Exhibit 2 (the "March 18, 2008 FOIA Request").

5  This request called for the production of all records "of any communications [the FDA's]

6  employees and/or representatives have had, <u>from April 19, 2006 to the date of production of</u>

7  <u>documents pursuant to this request,</u> relating to the issue of California's potentially requiring

8  acrylamide warnings for foods under Proposition 65, the Safe Drinking Water and Toxic

9  Enforcement Act of 1986, California Health & Safety Code §§ 25249.5 *et seq.*" Exhibit 2,

10  March 18, 2008 FOIA Request at 1 (emphasis in original).

11      8.    The March 18, 2008 FOIA Request made clear that it encompassed all the records

12  sought by the  November 9, 2007 FOIA Request (to which the FDA had not yet responded). *See*

13  *id*. Like the previous request, the March 18, 2008 FOIA Request called for the production of

14  records at the headquarters or other offices of the Center for Food Safety and Applied Nutrition,

15  the National Center for Food Safety and Technology, the National Center for Toxicological

16  Research, the Food and Drug Administration, the United States Department of Health and

17  Human Services, the individual files of agency employees who may have engaged in such

18  communications, and/or any combination thereof, and indicated that it was made with the

19  understanding that the request would be forwarded to any other offices that might be in

20  possession of the requested documents. *See id.* at 1-2.

21      9.    As of this date, the FDA has provided neither a response to, nor the records sought by,

22  the March 18, 2008 FOIA Request.

23                    **FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF**

24      10.    Plaintiff incorporates by reference Paragraphs 1 through 9 inclusive, as if fully set forth

25  herein.

26      11.    Plaintiff sent the FOIA request attached as Exhibit 1 to Defendant on November 9,

27  2007.

28      12.    Plaintiff is informed and believes that the information sought by the November 9, 2007

Complaint for Injunctive Relief Under FOIA

1   FOIA Request is contained in agency records within the FDA's possession and control.

2       13.  By the terms of 5 U.S.C. §552(a)(6)(A), the FDA's response to the November 9, 2007

3   FOIA Request was due within twenty (20) working days, subject to a ten working day extension.

4   The FDA did not provide itself with such an extension.  As of this date, the FDA has neither

5   complied with the November 9, 2007 FOIA Request nor denied it.

6       14.  Pursuant to 5 U.S.C. §552(a)(3), Plaintiff has a right of access to the requested records

7   from the FDA, and FOIA requires their disclosure.  As they do not fall within any of the FOIA's

8   exemptions from disclosure, Defendant has no legal basis for withholding such records.

9       15.  Pursuant to 5 U.S.C. §552(b), even if it were to be established that any of the requested

10  records contained information exempt from disclosure under 5 U.S.C. §552(b), Plaintiff has a

11  right of access to all reasonably segregable non-exempt portions of such records, and FOIA

12  requires their disclosure.  As they do not fall within any of the FOIA's exemptions from required

13  disclosure, Defendant has no legal basis for withholding such portions of the records sought.

14      16.  Alternatively, even if the records sought were otherwise exempt from required

15  disclosure pursuant to 5 U.S.C. §552(b), there is a strong public interest in their disclosure to the

16  Attorney General, and the FDA should exercise its discretion to disclose the requested records.

17      17.  By the terms of 5 U.S.C. §552(a)(6)(C), Plaintiff is deemed to have exhausted his

18  administrative remedies by virtue of the FDA's failure to provide the records sought in the

19  November 9, 2007 FOIA Request within the time limits set forth in 5 U.S.C. §552(a)(6)(A).

20              **SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF**

21      18.  Plaintiff incorporates by reference Paragraphs 1 through 17 inclusive, as if fully set

22  forth herein.

23      19.  Plaintiff sent the FOIA request attached as Exhibit 2 to Defendant on March 18, 2008.

24      20.  Plaintiff is informed and believes that the information sought by the March 18, 2008

25  FOIA Request is contained in agency records within the FDA's possession and control.

26      21.  By the terms of 5 U.S.C. §552(a)(6)(A), the FDA's response to the March 18, 2008

27  FOIA Request was due within twenty (20) working days, subject to a ten working day extension.

28  The FDA did not provide itself with such an extension.  As of this date, the FDA has neither

Complaint for Injunctive Relief Under FOIA

1  complied with the March 18, 2008 FOIA Request nor denied it.

2      22.   Pursuant to 5 U.S.C. §552(a)(3), Plaintiff has a right of access to the requested records

3  from the FDA, and FOIA requires their disclosure.  As they do not fall within any of the FOIA's

4  exemptions from disclosure, Defendant has no legal basis for withholding such records.

5      23.   Pursuant to 5 U.S.C. §552(b), even if it were to be established that any of the requested

6  records contained information exempt from disclosure under 5 U.S.C. §552(b), Plaintiff has a

7  right of access to all reasonably segregable non-exempt portions of such records, and FOIA

8  requires their disclosure.  As they do not fall within any of the FOIA's exemptions from required

9  disclosure, Defendant has no legal basis for withholding such portions of the records sought.

10     24.   Alternatively, even if the records sought were otherwise exempt from required

11  disclosure pursuant to 5 U.S.C. §552(b), there is a strong public interest in their disclosure to the

12  Attorney General, and the FDA should exercise its discretion to disclose the requested records.

13     25.   By the terms of 5 U.S.C. §552(a)(6)(C), Plaintiff is deemed to have exhausted his

14  administrative remedies by virtue of the FDA's failure to provide the records sought in the March

15  18, 2008 FOIA Request within the time limits set forth in 5 U.S.C. §552(a)(6)(A).

16                                **PRAYER FOR RELIEF**

17      WHEREFORE, Plaintiff requests that this Court:

18      1.   Take jurisdiction of this cause;

19      2.   Order the FDA to prepare and file an itemized index, for all withheld documents and

20  portions of documents, containing all information needed to evaluate each claimed exemption,

21  including but not limited to, identification of the segregable portions of the documents withheld,

22  the nature of the information contained in each portion, whether factual information is contained

23  in each portion, and the specific justification for withholding of each such portion;

24      3.   Enjoin the FDA from withholding all records or portions of records improperly

25  withheld, and order their immediate disclosure to Plaintiff;

26      4.   Grant Plaintiff his costs and attorneys' fees in this action, pursuant to 5 U.S.C.

27  §552(a)(4)(E); and

28  ///

Complaint for Injunctive Relief Under FOIA

1    5.    Grant such other and further relief as the Court shall deem just and proper.

2    Dated:  May 30, 2008

3                                    Respectfully submitted,

4                                    EDMUND G. BROWN JR.
                                     Attorney General of the State of California
5                                    JAMES HUMES
                                     Chief Deputy Attorney General
6                                    MATT RODRIQUEZ
                                     Acting Chief Assistant Attorney General
7                                    KEN ALEX
                                     Senior Assistant Attorney General
8                                    EDWARD G. WEIL
                                     Supervising Deputy Attorney General

9

10

11                                   LAURA J. ZUCKERMAN
                                     Deputy Attorney General
12

13                                   Attorneys for People of the State of California
                                     *ex rel*. Edmund G. Brown Jr., Attorney
14                                   General of the State of California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Injunctive Relief Under FOIA

6

# EXHIBIT 1



EDMUND G. BROWN JR.
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

# FAX TRANSMISSION COVER SHEET

IMPORTANT/CONFIDENTIAL: This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office, which may be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

DATE: __November 9, 2007__   TIME: _____

NO. OF PAGES: ____5____
(INCLUDING COVER SHEET)

RE: **FREEDOM OF INFORMATION ACT REQUEST - REQUEST FOR EXPEDITED PROCESSING**

TO:

| | |
|---|---|
| NAME: | Frederick J. Sadler, Acting Director, FOI Staff |
| OFFICE: | Food and Drug Administration |
| LOCATIO | Rockville, Maryland |
| FAX NO: | (301) 443-1726          PHONE NO: _____ |

FROM:

| | |
|---|---|
| NAME: | Laura Zuckerman, Deputy Attorney General |
| OFFICE: | State of California Department of Justice, Attorney General's Office |
| LOCATION: | 1515 Clay Street, 20th Floor, Oakland, CA 94612 |
| FAX NO: | 510-622-2270          PHONE NO: 510-622-2174 |

## MESSAGE

**PLEASE DELIVER IMMEDIATELY.**



EDMUND G. BROWN JR.
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA 94612-0550

Public: (510) 622-2100
Telephone: (510) 622-2174
Facsimile: (510) 622-2270
E-Mail: laura.zuckerman@doj.ca.gov

**Via Overnight Mail and**
**Facsimile (301-443-1726)**

November 9, 2007

Frederick J. Sadler
Acting Director, FOI Staff
Food and Drug Administration
5600 Fishers Lane (HFI-30)
Rockville, MD 20857

Re: **FREEDOM OF INFORMATION ACT REQUEST – REQUEST FOR EXPEDITED**
**PROCESSING**

Dear Mr. Sadler:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and its implementing regulations, I hereby make this request for records on behalf of the Attorney General of the State of California. This request describes: (1) the records sought; (2) our request for a fee waiver for production of these records; and (3) the need for an expedited response to this request.

**Request for Materials**

The Office of the Attorney General respectfully requests that the Food and Drug Administration (together with its constituent agencies and divisions, collectively, the "FDA") produce all records (including agendas, minutes and attendance lists of meetings, e-mails, correspondence, notes of phone conversations, telephone messages, drafts, proposals, comments, analyses, notes, memoranda, offers, counteroffers, contracts, intra- and inter-agency communications, and any other record) of any communications its employees and/or representatives have had from April 19, 2006 to the present relating to the issue of California's potentially requiring acrylamide warnings for foods under Proposition 65, the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code §§ 25249.5 et seq.

This request includes records at the headquarters or other offices of the Center for Food Safety and Applied Nutrition, the National Center for Food Safety and Technology, the National Center for Toxicological Research, the United States Food and Drug Administration, the United States Department of Health and Human Services, the individual files of agency employees who

Mr. Frederick Sadler
November 9, 2007
Page 2

may have engaged in such communications, and/or any combination thereof. This request is made with the understanding that it will be forwarded to any other offices that may be in possession of the requested documents.

The Attorney General believes that the documents sought are publicly available, of great public interest, and not exempt from required disclosure under FOIA. In addition, given that disclosure of these records would be in the public interest, even if you determine that certain of the documents sought are exempt under FOIA, the Attorney General requests that you disclose these documents as a matter of agency discretion. If you deny any part of this request, please cite each specific reason that you believe justifies your refusal to release the information, together with a synopsis of the records withheld. In the case of deletions, please state a reason for each partial denial of access. To expedite this request, I would be willing to discuss specific instances of deletion or other exemption claims in advance of a final decision by the agency.

Should you elect to withhold any documents or portions of documents responsive to this request under 5 U.S.C. § 552(b)(5), please provide the following information for each document (or portion thereof) withheld on this ground:

1.   Why is the document (or excerpted material) predecisional?

   A.   To what decision is it leading?
   B.   Has the decision been finalized?

2.   Why is the document (or excerpted material) deliberative?

   A.   To what extent does it make a recommendation on a legal or policy matter?

3.   What policy recommendation qualifies this document (or excerpted material) for exemption?

**Request for a Fee Waiver**

The California Attorney General is, of course, a noncommercial organization not subject to review fees. In addition, the Attorney General requests a waiver of search and copying fees associated with this request. Under FOIA, agencies must waive such fees where disclosure is likely to contribute significantly to public understanding of the operations and activities of the government and disclosure is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii). The FDA has incorporated this requirement in its regulations for responding to FOIA requests. 21 C.F.R. § 20.46. Under the criteria set forth in the FDA regulations, such a waiver is appropriate here.

This request seeks records that relate to California's enforcement of the state's consumer warning statute, Health and Safety Code section 25249.5 *et seq.*, otherwise known as Proposition

Mr. Frederick Sadler
November 9, 2007
Page 3

65. Acting on behalf of the People of the State of California, the Attorney General filed suit over
two years ago against manufacturers and sellers of processed potato products for violations of
Proposition 65 relating to their failure to warn consumers of the presence of acrylamide, a listed
carcinogen, in their products. Trial is set for January of 2008. Defendants recently filed a
motion for summary judgment asserting that the People's claims are preempted by FDA policy.
The Attorney General seeks documents evidencing the FDA's communications both inside and
outside the agency regarding this topic, and the more general topic of California's potentially
requiring acrylamide warnings for foods under Proposition 65.

    The Attorney General is a public officer, acting on behalf of the State and the public
pursuant to the California Constitution, statutory authority, and common law. *See* Cal. Const.
art. V, § 13; Cal. Gov't Code § 12511; *D'Amico v. Board of Medical Examiners*, 11 Cal.3d 1, 14-
15 (1974). The information sought will assist the Attorney General in representing the over 30
million people of the State of California, and will enhance Californians' understanding of the
operations, activities, and decision-making processes of the FDA. Disclosure of the documents
sought "is likely to contribute significantly to public understanding of the operations or activities
of the Government," and the materials requested are not sought for any commercial purpose.
This request therefore qualifies for a fee waiver under 21 C.F.R. § 20.46(a).

<u>The Need For An Expedited Response</u>

    FDA's regulations provide that FOIA requests will be given expedited treatment when it
is determined that there is "a demonstrated urgency to inform the public concerning actual or
alleged Federal Government activity," and "the request is made by a person primarily engaged in
disseminating information. . . ." 21 C.F.R. § 20.44(a)(2); *see also* 5 U.S.C. § 552(a)(6)(E)(v)(II).
I certify to be true and correct, to the best of my knowledge and belief, that this request satisfies
these two conditions. Since defendants have argued to the Court in their recent summary
judgment motion that the FDA's actions are relevant to the case, it is critical that the Attorney
General immediately become aware of any recent communications between the FDA and
defendants, among others, relating to California's potentially requiring acrylamide warnings for
foods under Proposition 65. The value of this information may be lost if it is not obtained and
disseminated quickly, for it may not be before the Court when it rules on defendants' motion.
Moreover, the time allowed to the People for filing a responsive brief, approximately three
weeks, likely will not be sufficient to ensure that the Attorney General will have received the
FDA's response to this request absent expedited processing. The Attorney General's only
purpose in making the request is to disseminate the information to the Court and to the public.
The Attorney General has no private or commercial motive.

    Please provide a notice of determination regarding the Attorney General's request for
expedited processing, together with an explanation of the reasons therefor, within 10 days of this
request, pursuant to 21 C.F.R. § 20.44(e). Please send all requested materials to my attention, at
the address provided above, within 20 days, and produce all records currently existing in
electronic format on a CD, pursuant to 5 U.S.C. § 552(a)(3)(B). Please call me at (510) 622-

Mr. Frederick Sadler
November 9, 2007
Page 4

2174 if you have any questions about this request.

Sincerely,

LAURA J. ZUCKERMAN
Deputy Attorney General

For   EDMUND G. BROWN JR.
Attorney General of the State of California

EXHIBIT 2

EDMUND G. BROWN JR.
*Attorney General*

State of California
DEPARTMENT OF JUSTICE

## FAX TRANSMISSION COVER SHEET

**IMPORTANT/CONFIDENTIAL:** This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office, which may be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

**DATE:** __March 18, 2008__    **TIME:** __1:55 PM__    **NO. OF PAGES:** __10__
(INCLUDING COVER SHEET)


**TO:**    Frederick J. Sadler
Acting Director, FOI Staff
Food and Drug Administration
5600 Fishers Lane (HFI-30)
Rockville, MD 20857

Fax: (301) 443-1726

# Re: FREEDOM OF INFORMATION ACT REQUEST

**FROM:**

NAME:    **Laura Zuckerman, Deputy Attorney General**

OFFICE:    **Office of the Attorney General - Oakland**

LOCATION:  **1515 Clay Street, 20th Floor, Oakland, Ca 94612**

FAX NO:    **510-622-2272**        PHONE NO:  **510-622-2174**

## MESSAGE

**PLEASE DELIVER IMMEDIATELY.**



**EDMUND G. BROWN JR.**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA 94612-0550

Public:  (510) 622-2100
Telephone:  (510) 622-2174
Facsimile:  (510) 622-2270
E-Mail:  laura.zuckerman@doj.ca.gov

March 18, 2008

**VIA FACSIMILE**
**(301-443-1726)**

Frederick J. Sadler
Acting Director, FOI Staff
Food and Drug Administration
5600 Fishers Lane (HFI-30)
Rockville, MD 20857

Re:    **FREEDOM OF INFORMATION ACT REQUEST**

Dear Mr. Sadler:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and its implementing regulations, I hereby make this request for records on behalf of the Attorney General of the State of California. This request describes: (1) the records sought, and (2) our request for a fee waiver for production of these records.

Request for Materials

The Office of the Attorney General respectfully requests that the Food and Drug Administration (together with its constituent agencies and divisions, collectively, the "FDA") produce all records (including agendas, minutes and attendance lists of meetings, e-mails, correspondence, notes of phone conversations, telephone messages, drafts, proposals, comments, analyses, notes, memoranda, offers, counteroffers, contracts, intra- and inter-agency communications, and any other record) of any communications its employees and/or representatives have had, from April 19, 2006 to the date of production of documents pursuant to this request, relating to the issue of California's potentially requiring acrylamide warnings for foods under Proposition 65, the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code §§ 25249.5 *et seq.*

This request encompasses all the records sought by our November 9, 2007 FOIA request, to which the FDA has not yet responded (a copy of which is attached as Exhibit A). This request includes records at the headquarters or other offices of the Center for Food Safety and Applied

Mr. Frederick Sadler
March 18, 2008
Page 2

Nutrition, the National Center for Food Safety and Technology, the National Center for
Toxicological Research, the Food and Drug Administration, the United States Department of
Health and Human Services, the individual files of agency employees who may have engaged in
such communications, and/or any combination thereof. This request is made with the
understanding that it will be forwarded to any other offices that may be in possession of the
requested documents.

        The Attorney General believes that the documents sought are publicly available, of great
public interest, and not exempt from required disclosure under FOIA. In addition, given that
disclosure of these records would be in the public interest, even if you determine that certain of
the documents sought are exempt under FOIA, the Attorney General requests that you disclose
these documents as a matter of agency discretion. If you deny any part of this request, please cite
each specific reason that you believe justifies your refusal to release the information, together
with a synopsis of the records withheld. In the case of deletions, please state a reason for each
partial denial of access. To expedite this request, I would be willing to discuss specific instances
of deletion or other exemption claims in advance of a final decision by the agency.

        Should you elect to withhold any documents or portions of documents responsive to this
request under 5 U.S.C. § 552(b)(5), please provide the following information for each document
(or portion thereof) withheld on this ground:

    1.    Why is the document (or excerpted material) predecisional?

          A.    To what decision is it leading?
          B.    Has the decision been finalized?

    2.    Why is the document (or excerpted material) deliberative?

          A.    To what extent does it make a recommendation on a legal or policy
                matter?

    3.    What policy recommendation qualifies this document (or excerpted material) for
          exemption?

**Request for a Fee Waiver**

        The California Attorney General is, of course, a noncommercial organization not subject
to review fees. In addition, the Attorney General requests a waiver of search and copying fees
associated with this request. Under FOIA, agencies must waive such fees where disclosure is
likely to contribute significantly to public understanding of the operations and activities of the
government and disclosure is not primarily in the commercial interest of the requester. 5 U.S.C.
§ 552(a)(4)(A)(iii). The FDA has incorporated this requirement in its regulations for responding
to FOIA requests. 21 C.F.R. § 20.46. Under the criteria set forth in the FDA regulations, such a
waiver is appropriate here.

Mr. Frederick Sadler
March 18, 2008
Page 3

This request seeks records that relate to California's enforcement of the state's consumer warning statute, Health and Safety Code section 25249.5 *et seq.*, otherwise known as Proposition 65. Acting on behalf of the People of the State of California, the Attorney General filed suit over 2½ years ago against manufacturers and sellers of processed potato products for violations of Proposition 65 relating to their failure to warn consumers of the presence of acrylamide, a listed carcinogen, in their products. Defendants have filed a motion for summary judgment, which is currently under submission, asserting that the People's claims are preempted by FDA policy. The Attorney General seeks documents evidencing the FDA's communications both inside and outside the agency regarding this topic, and the more general topic of California's potentially requiring acrylamide warnings for foods under Proposition 65.

The Attorney General is a public officer acting on behalf of the State and the public pursuant to the California Constitution, statutory authority, and common law. *See* Cal. Const. art. V, § 13; Cal. Gov't Code § 12511; *D'Amico v. Board of Medical Examiners*, 11 Cal.3d 1, 14-15 (1974). The information sought will assist the Attorney General in representing the over 30 million people of the State of California, and will enhance Californians' understanding of the operations, activities, and decision-making processes of the FDA. Disclosure of the documents sought "is likely to contribute significantly to public understanding of the operations or activities of the Government," and the materials requested are not sought for any commercial purpose. This request therefore qualifies for a fee waiver under 21 C.F.R. § 20.46(a).

Please send all requested materials to my attention, at the address provided above, within 20 days, and produce all records currently existing in electronic format on a CD, pursuant to 5 U.S.C. § 552(a)(3)(B). Please call me at (510) 622-2174 if you have any questions about this request.

Sincerely,

LAURA J. ZUCKERMAN
Deputy Attorney General

For     EDMUND G. BROWN JR.
        Attorney General of the State of California

Attachment

# EXHIBIT A

*EDMUND G. BROWN JR.*
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

## FAX TRANSMISSION COVER SHEET

IMPORTANT/CONFIDENTIAL: This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office, which may be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

DATE: **November 9, 2007** TIME: _____   NO. OF PAGES: _____ **5**
(INCLUDING COVER SHEET)

RE: **FREEDOM OF INFORMATION ACT REQUEST - REQUEST FOR EXPEDITED PROCESSING**

TO:
NAME: **Frederick J. Sadler, Acting Director, FOI Staff**
OFFICE: **Food and Drug Administration**
LOCATION: **Rockville, Maryland**
FAX NO: **(301) 443-1726**          PHONE NO: _____

FROM:
NAME: **Laura Zuckerman, Deputy Attorney General**
OFFICE: **State of California Department of Justice, Attorney General's Office**
LOCATION: **1515 Clay Street, 20th Floor, Oakland, CA 94612**
FAX NO: **510-622-2270**          PHONE NO: **510-622-2174**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**MESSAGE**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PLEASE DELIVER IMMEDIATELY.

EDMUND G. BROWN JR.
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**



1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA 94612-0550

Public:  (510) 622-2100
Telephone:  (510) 622-2174
Facsimile:  (510) 622-2270
E-Mail: laura.zuckerman@doj.ca.gov

**Via Overnight Mail and**
**Facsimile (301-443-1726)**

November 9, 2007

Frederick J. Sadler
Acting Director, FOI Staff
Food and Drug Administration
5600 Fishers Lane (HFI-30)
Rockville, MD 20857

Re:    **FREEDOM OF INFORMATION ACT REQUEST - REQUEST FOR EXPEDITED**
**PROCESSING**

Dear Mr. Sadler:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and
its implementing regulations, I hereby make this request for records on behalf of the Attorney
General of the State of California. This request describes: (1) the records sought; (2) our request
for a fee waiver for production of these records; and (3) the need for an expedited response to
this request.

**Request for Materials**

The Office of the Attorney General respectfully requests that the Food and Drug
Administration (together with its constituent agencies and divisions, collectively, the "FDA")
produce all records (including agendas, minutes and attendance lists of meetings, e-mails,
correspondence, notes of phone conversations, telephone messages, drafts, proposals, comments,
analyses, notes, memoranda, offers, counteroffers, contracts, intra- and inter-agency
communications, and any other record) of any communications its employees and/or
representatives have had from April 19, 2006 to the present relating to the issue of California's
potentially requiring acrylamide warnings for foods under Proposition 65, the Safe Drinking
Water and Toxic Enforcement Act of 1986, California Health & Safety Code §§ 25249.5 *et seq.*

This request includes records at the headquarters or other offices of the Center for Food
Safety and Applied Nutrition, the National Center for Food Safety and Technology, the National
Center for Toxicological Research, the United States Food and Drug Administration, the United
States Department of Health and Human Services, the individual files of agency employees who

Mr. Frederick Sadler
November 9, 2007
Page 2

may have engaged in such communications, and/or any combination thereof. This request is made with the understanding that it will be forwarded to any other offices that may be in possession of the requested documents.

The Attorney General believes that the documents sought are publicly available, of great public interest, and not exempt from required disclosure under FOIA. In addition, given that disclosure of these records would be in the public interest, even if you determine that certain of the documents sought are exempt under FOIA, the Attorney General requests that you disclose these documents as a matter of agency discretion. If you deny any part of this request, please cite each specific reason that you believe justifies your refusal to release the information, together with a synopsis of the records withheld. In the case of deletions, please state a reason for each partial denial of access. To expedite this request, I would be willing to discuss specific instances of deletion or other exemption claims in advance of a final decision by the agency.

Should you elect to withhold any documents or portions of documents responsive to this request under 5 U.S.C. § 552(b)(5), please provide the following information for each document (or portion thereof) withheld on this ground:

1.    Why is the document (or excerpted material) predecisional?

A.    To what decision is it leading?
B.    Has the decision been finalized?

2.    Why is the document (or excerpted material) deliberative?

A.    To what extent does it make a recommendation on a legal or policy matter?

3.    What policy recommendation qualifies this document (or excerpted material) for exemption?

## Request for a Fee Waiver

The California Attorney General is, of course, a noncommercial organization not subject to review fees. In addition, the Attorney General requests a waiver of search and copying fees associated with this request. Under FOIA, agencies must waive such fees where disclosure is likely to contribute significantly to public understanding of the operations and activities of the government and disclosure is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii). The FDA has incorporated this requirement in its regulations for responding to FOIA requests. 21 C.F.R. § 20.46. Under the criteria set forth in the FDA regulations, such a waiver is appropriate here.

This request seeks records that relate to California's enforcement of the state's consumer warning statute, Health and Safety Code section 25249.5 et seq., otherwise known as Proposition

Mr. Frederick Sadler
November 9, 2007
Page 3

65.  Acting on behalf of the People of the State of California, the Attorney General filed suit over
two years ago against manufacturers and sellers of processed potato products for violations of
Proposition 65 relating to their failure to warn consumers of the presence of acrylamide, a listed
carcinogen, in their products. Trial is set for January of 2008. Defendants recently filed a
motion for summary judgment asserting that the People's claims are preempted by FDA policy.
The Attorney General seeks documents evidencing the FDA's communications both inside and
outside the agency regarding this topic, and the more general topic of California's potentially
requiring acrylamide warnings for foods under Proposition 65.

        The Attorney General is a public officer, acting on behalf of the State and the public
pursuant to the California Constitution, statutory authority, and common law.  *See* Cal. Const.
art. V, § 13; Cal. Gov't Code § 12511; *D'Amico v. Board of Medical Examiners*, 11 Cal.3d 1, 14-
15 (1974). The information sought will assist the Attorney General in representing the over 30
million people of the State of California, and will enhance Californians' understanding of the
operations, activities, and decision-making processes of the FDA. Disclosure of the documents
sought "is likely to contribute significantly to public understanding of the operations or activities
of the Government," and the materials requested are not sought for any commercial purpose.
This request therefore qualifies for a fee waiver under 21 C.F.R. § 20.46(a).

                    ### The Need For An Expedited Response

        FDA's regulations provide that FOIA requests will be given expedited treatment when it
is determined that there is "a demonstrated urgency to inform the public concerning actual or
alleged Federal Government activity," and "the request is made by a person primarily engaged in
disseminating information. . . ." 21 C.F.R. § 20.44(a)(2); *see also* 5 U.S.C. § 552(a)(6)(E)(v)(II).
I certify to be true and correct, to the best of my knowledge and belief, that this request satisfies
these two conditions. Since defendants have argued to the Court in their recent summary
judgment motion that the FDA's actions are relevant to the case, it is critical that the Attorney
General immediately become aware of any recent communications between the FDA and
defendants, among others, relating to California's potentially requiring acrylamide warnings for
foods under Proposition 65. The value of this information may be lost if it is not obtained and
disseminated quickly, for it may not be before the Court when it rules on defendants' motion.
Moreover, the time allowed to the People for filing a responsive brief, approximately three
weeks, likely will not be sufficient to ensure that the Attorney General will have received the
FDA's response to this request absent expedited processing. The Attorney General's only
purpose in making the request is to disseminate the information to the Court and to the public.
The Attorney General has no private or commercial motive.

        Please provide a notice of determination regarding the Attorney General's request for
expedited processing, together with an explanation of the reasons therefor, within 10 days of this
request, pursuant to 21 C.F.R. § 20.44(e). Please send all requested materials to my attention, at
the address provided above, within 20 days, and produce all records currently existing in
electronic format on a CD, pursuant to 5 U.S.C. § 552(a)(3)(B). Please call me at (510) 622-

Mr. Frederick Sadler
November 9, 2007
Page 4

2174 if you have any questions about this request.

Sincerely,

LAURA J. ZUCKERMAN
Deputy Attorney General

For    EDMUND G. BROWN JR.
Attorney General of the State of California