JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-7264
    Facsimile:    (415) 436-6748
    Email:       abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, <br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES FOOD & DRUG ADMINISTRATION,<br><br>                Defendant. | Case No. C 08-02741 MEJ<br><br>**ANSWER** |

      Defendant United States Food and Drug Administration, by and through the United States Attorney for the Northern District of California without waiving the below listed affirmative defenses, hereby admit, deny and otherwise answer the <u>Complaint For Injunctive Relief Under The Freedom Of Information Act</u> filed on or about May 30, 2008, in the United States District Court for the Northern District of California.  With respect to the specific paragraphs of the complaint, defendant responds as follows:

      The first, unnumbered paragraph contains allegations that amount to a legal conclusion and a characterization of this lawsuit to which no response is required.  To the extent that a response is deemed necessary, defendant denies that it is improperly withholding any documents whatsoever.

**JURISDICTION**

1. The allegation in this paragraph is a jurisdictional statement and a legal conclusion to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

2. The allegation in this paragraph is a legal conclusion regarding venue to which no response is required. To the extent that a response is deemed necessary, defendant responds that it is without knowledge sufficient to admit or deny the allegations in this paragraph. On this basis, the allegation that venue is proper is denied.

**PARTIES**

3. Defendant admits that Edmund G. Brown is the Attorney General. The remainder of the allegations in this paragraph are denied.

4. Denied.

**FACTUAL BACKGROUND**

5. The allegations in this paragraph are a characterization of this lawsuit to which no response is required. To the extent that a response is deemed necessary, defendant responds that it is without knowledge sufficient to admit or deny the allegations in this paragraph. On this basis, the allegation is denied.

6. Defendant is without knowledge sufficient to admit or deny the allegations in this paragraph. On this basis, the allegation is denied.

7. Defendant is without knowledge sufficient to admit or deny the allegations in this paragraph. On this basis, the allegation is denied.

8. Denied.

9. Denied.

**FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF**

10. Defendant incorporates by reference its responses to Paragraphs 1 through 9 inclusive, as if fully set forth herein.

11. Denied.

12. Defendant is without knowledge sufficient to admit or deny the allegations in this paragraph. On this basis, the allegation is denied.

13. This paragraph contains legal conclusions to which no response is necessary. The factual allegations in this paragraph are denied.

14. This paragraph contains legal conclusions to which no response is necessary. The factual allegations in this paragraph are denied.

15. This paragraph contains legal conclusions to which no response is necessary. The factual allegations in this paragraph are denied.

16. This paragraph contains legal conclusions to which no response is necessary. Defendant is without knowledge sufficient to admit or deny the factual allegations in this paragraph. On this basis, the factual allegations are denied.

17. This paragraph contains legal conclusions to which no response is necessary.

### SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF

18. Defendant incorporates by reference its responses to Paragraphs 1 through 17 inclusive, as if fully set forth herein.

19. Denied.

20. Defendant is without knowledge sufficient to admit or deny the allegations in this paragraph. On this basis, the allegation is denied.

21. This paragraph contains legal conclusions to which no response is necessary. The factual allegations in this paragraph are denied.

22. This paragraph contains legal conclusions to which no response is necessary. The factual allegations in this paragraph are denied.

23. This paragraph contains legal conclusions to which no response is necessary. The factual allegations in this paragraph are denied.

24. Denied.

25. This paragraph contains legal conclusions to which no response is necessary.

**PRAYER FOR RELIEF**

19. The remainder of the complaint is a prayer for relief to which no response is required. To the extent that a response is deemed necessary, defendants deny that plaintiff is entitled to any relief whatsoever by way of the complaint.

**AFFIRMATIVE DEFENSES**

20. All actions taken by Defendants were in good faith and pursuant to the obligations imposed under 18 U.S.C. § 1905.

21. This Court lacks jurisdiction over the subject matter of this action as defendant has not improperly withheld documents from plaintiff. Fed.R.Civ.P. 12(b)(6).

22. This Court lacks jurisdiction over plaintiff's claims because plaintiff has failed to exhaust his administrative remedies with respect to certain document requests.

23. Plaintiff has failed to state a claim upon which relief can be granted.

24. Plaintiff's claims are barred by 5 U.S.C. § 522(b)(2), Freedom of Information Act.

25. Plaintiff's claims are barred by 5 U.S.C. § 522(b)(3), Freedom of Information Act.

26. Plaintiff's claims are barred by 5 U.S.C. § 522(b)(4), Freedom of Information Act.

27. Plaintiff's claims are barred by 5 U.S.C. § 522(b)(6) of the Freedom of Information Act.

28. WHEREFORE, defendants pray that plaintiff take nothing by reason of his suit, that judgment be rendered in favor of defendants for costs or suit incurred herein, and for such other and further relief as to this Court may deem proper.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: July 3, 2008

/s/
ABRAHAM A. SIMMONS
Assistant United States Attorney