EDMUND G. BROWN JR.
Attorney General of the State of California
KEN ALEX
Senior Assistant Attorney General
EDWARD G. WEIL
Supervising Deputy Attorney General
State Bar No. 88302
LAURA J. ZUCKERMAN
Deputy Attorney General
State Bar No. 161896
  1515 Clay Street, 20th Floor
  Oakland, CA 94612
  Telephone: (510) 622-2174
  Fax: (510) 622-2270
  laura.zuckerman@doj.ca.gov

Attorneys for People of the State of California *ex rel.*
Edmund G. Brown Jr., Attorney General of the State
of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA** *ex rel.* **EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,**<br><br>                Plaintiff,<br><br>v.<br><br>**UNITED STATES FOOD & DRUG ADMINISTRATION,**<br><br>                Defendant. | Case No.: C 08-02741 MEJ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR** *VAUGHN* **INDEX**<br><br>Date:  October 2, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom B, 15th Floor<br>Judge:  Hon. Maria-Elena James |

     In compliance with N.D. Local Rule 7-4(a), plaintiff People of the State of California, by and through Edmund G. Brown Jr., Attorney General of the State of California, submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion for a *Vaughn* Index.

**I.**      **INTRODUCTION**

     Under the Freedom of Information Act, 5 U.S.C. §552, *as amended* ("FOIA"), to justify

withholding information once litigation has begun, an agency is required to produce a "*Vaughn*" index, which correlates withheld documents or withheld portions of documents with detailed justifications for their withholding. It is proper for the Court to order defendant to produce and submit a *Vaughn* index promptly.

## II.     BACKGROUND

On November 9, 2007, plaintiff sent a FOIA request to the United States Food and Drug Administration ("FDA") seeking the disclosure of all records "of any communications [the FDA's] employees and/or representatives have had <u>from April 19, 2006 to the present</u> relating to the issue of California's potentially requiring acrylamide warnings for foods under Proposition 65, the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code §§ 25249.5 et seq." (the "First FOIA Request"). Complaint, ¶ 6 and Ex. 1. FDA failed to produce any records responsive to the First FOIA Request prior to the filing of the Complaint. Complaint, ¶ 6.

Having received no response to the First FOIA Request, on March 18, 2008 plaintiff sent the FDA another FOIA request, seeking the disclosure of all records "of any communications [the FDA's] employees and/or representatives have had, <u>from April 19, 2006 to the date of production of documents pursuant to this request</u>, relating to the issue of California's potentially requiring acrylamide warnings for foods under Proposition 65, the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code §§ 25249.5 et seq." (the "Second FOIA Request"). Complaint, ¶ 7 and Ex. 2. The Second FOIA Request made clear that it encompassed all the records sought by the First FOIA Request. Complaint, ¶ 8. FDA failed to produce any records responsive to the Second FOIA Request prior to the filing of the Complaint. Complaint, ¶ 9.

FDA produced 68 pages of documents on or about July 30, 2008, more than eight months after the date of the First FOIA Request. Zuckerman Decl., ¶ 3 and Ex. A. Some of these documents date back to 2006, and some appear to have been available for production since December 2007. *See id*. To date, despite having been requested to do so, FDA has neither confirmed that it has produced all responsive, non-exempt documents, nor produced an index to

the documents withheld, which it is required to do by law. Zuckerman Decl., ¶ 2.

Defendants' failure to date to provide a detailed justification of the basis for the exemptions claimed, whether by index or otherwise, prompted the filing of this motion.

### III.    ARGUMENT

The Freedom of Information Act requires that government agencies shall, on receipt of a proper request, promptly disclose their records unless those records are subject to withholding pursuant to one of FOIA's exemptions. To justify withholding information once litigation has begun, an agency may be required to submit an index which correlates withheld documents or withheld portions of documents with detailed justifications for their withholding. *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977 (1974); *see also, e.g., Lion Raisins Inc. v. U.S. Dep't of Agriculture*, 354 F.3d 1072, 1082 (9th Cir. 2004).

Since *Vaughn* was decided, "government agencies seeking to withhold documents requested under the FOIA have been required to supply the opposing party and the court with a '*Vaughn* index,' identifying each document withheld, the statutory exemption claimed, and the particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." *Wiener v. Federal Bureau of Investigation*, 943 F.2d 972, 977 & n.4 (9th Cir. 1991) (citations omitted), *cert. denied*, 505 U.S. 1212 (1992); *see also, e.g.*, *Bay Area Lawyers Alliance for Nuclear Arms Control v. Department of State*, 818 F. Supp. 1291, 1295 (N.D. Cal. 1992). "The purpose of the index is to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." *Wiener*, 943 F.2d at 977 (citations and internal quotation marks omitted). It is one method (like submission of another form of accounting for the withheld documents, such as an affidavit) of ensuring that the requesting party and the deciding judge have enough information to determine whether the government agency properly withheld the documents sought. *Schiffer v. Federal Bureau of Investigation*, 78 F.3d 1405, 1408-09 (9th Cir. 1996).

Just as important as the production of a *Vaughn* index, however, is its production in a timely fashion. Production of an index at this stage of the litigation will allow time for the plaintiff to

litigate the adequacy of the index if necessary, and it should enable the parties to narrow the scope of the issues to be resolved on their cross-motions for summary judgment. Plaintiff has requested that the FDA provide such an index, but to date the FDA has not agreed. It is proper for the Court to order such an index be prepared and filed promptly, given FOIA's policy of expedited handling of document requests. *See, e.g., Coastal States Gas Corp. v. Department of Energy*, 644 F.2d 969, 972 (3d Cir. 1981).

**IV. CONCLUSION**

For all these reasons, plaintiff requests that the Court grant this Motion for a *Vaughn* Index, and order defendant to file such an index no later than 21 days from the date of the Court's order.

Dated: August 13, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
KEN ALEX
Senior Assistant Attorney General
EDWARD G. WEIL
Supervising Deputy Attorney General


/S/ LAURA J. ZUCKERMAN


LAURA J. ZUCKERMAN
Deputy Attorney General

Attorneys for People of the State of California *ex rel*. Edmund G. Brown Jr., Attorney General of the State of California