EDMUND G. BROWN JR.
Attorney General of the State of California
JAMES HUMES
Chief Deputy Attorney General
J. MATTHEW RODRIQUEZ
Chief Assistant Attorney General
KEN ALEX
Senior Assistant Attorney General
EDWARD G. WEIL
Supervising Deputy Attorney General
LAURA J. ZUCKERMAN
Deputy Attorney General
State Bar No. 161896
   1515 Clay Street, 20th Floor
   Oakland, CA 94612
   Telephone: (510) 622-2174
   Fax: (510) 622-2270
   laura.zuckerman@doj.ca.gov

Attorneys for People of the State of California
*ex rel.* Edmund G. Brown Jr.,
Attorney General of the State of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA ex. rel. EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>                Plaintiff,<br><br>    vs.<br><br>UNITED STATES FOOD & DRUG ADMINISTRATION,<br><br>              Defendant. | Case No.: No. C08-02741 MEJ<br><br>JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER<br><br>Date:   September 4, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom B, 15th Floor<br>Magistrate Judge: Hon. Maria-Elena James |

///

///

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER – CASE NO. C08-02741 MEJ

1

## JOINT CASE MANAGEMENT CONFERENCE STATEMENT

The parties to the above-entitled action jointly submit this Case Management Statement.

1. <u>Jurisdiction and service</u>: The parties agree that this Court has personal jurisdiction over defendant United States Food & Drug Administration ("FDA"). FDA has been served and has appeared.

2. <u>Facts</u>:

This lawsuit was filed by plaintiff People of the State of California against the FDA. Plaintiff alleges jurisdiction pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA").

Plaintiff contends that three years ago, the Attorney General filed suit on behalf of the People of the State of California against manufacturers and sellers of processed potato products, including potato chips and French fries, for violations of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code §§ 25249.5 *et seq.* ("Proposition 65") arising out of their failure to warn consumers of the presence of acrylamide, a listed carcinogen, in their products. Plaintiff now seeks to enforce two separate FOIA requests the People made to FDA, first in November 2007 then in March 2008, for records relating to California's potentially requiring acrylamide warnings for foods under Proposition 65. FDA failed to produce any responsive records, or to respond to the FOIA request at all, prior to the filing of the Complaint on May 30, 2008. Complaint, ¶ 9; Answer, ¶ 9. The People contend that, although FDA produced a few documents on or about July 30 and August 25, 2008, to date FDA has failed to provide the People with an adequate response to either FOIA request, or to demonstrate that it has produced all the non-exempt documents and portions of documents responsive to the two requests. Nor has it produced an index to the documents (and portions of documents) withheld, as required under Ninth Circuit precedent.

The FDA contends that under the FOIA, FDA properly placed plaintiff in the queue and that plaintiff is not entitled to a response until others who filed their requests before the People have been served. FDA further contends that the People have failed to take steps to ensure that their FOIA request can be processed pursuant to special provisions applying to state

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER – CASE NO. C08-02741 MEJ

governments. FDA also contends that an index akin to that described in *Harvey's Wagon Wheel, Inc. v. NLRB*, 550 F.2d 1139, 1141 (9th Cir.1976)) is being prepared for plaintiff as part of a government relations program that may have the effect of mooting this case.

There are disputed factual issues regarding (1) whether FDA has produced all of the non-exempt documents and portions of documents called for by the People's FOIA requests, and (2) whether FDA has had enough time to complete its review and production of documents and a *Vaughn* index that complies with the law.

3. <u>Legal issues</u>:

The Freedom of Information Act requires that government agencies shall, on receipt of a proper request, promptly disclose their records unless those records are subject to withholding pursuant to one of FOIA's exemptions.

The People assert the following:

(a) Pursuant to 5 U.S.C. § 552(a)(3), the People have a right of access to the requested records and portions of records FDA has withheld, as they are not exempt from disclosure under FOIA and thus have been improperly withheld;

(b) Pursuant to 5 U.S.C. § 552(b), even if it were to be established that any of the requested records contained information exempt from disclosure under 5 U.S.C. § 552(b), the People have a right of access to all reasonably segregable non-exempt portions of such records, and FOIA requires their disclosure;

(c) Under applicable Ninth Circuit precedent, FDA must produce a *Vaughn* index that lists all the documents and portions of documents withheld, and the justification for their withholding, without further delay;

(d) Even if the records sought were otherwise exempt from required disclosure under 5 U.S.C. § 552(b), there is a strong public interest in their disclosure, and FDA should exercise its discretion to disclose the requested records; and

(e) The People are entitled to costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E).

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER – CASE NO. C08-02741 MEJ

FDA asserts that no FOIA response is yet due pursuant to *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C.Cir. 1976).

Thus, the following legal issues are disputed:

    (a)    Whether any documents or portions thereof that FDA has not produced to the People are exempt from disclosure under FOIA and therefore properly withheld;

    (b)    The appropriate timing of FDA's production of a *Vaughn* index; and

    (c)    Whether the People are entitled to costs and attorneys' fees under 5 U.S.C. section 552(a)(4)(E).

4.    <u>Motions/Narrowing of Issues</u>: The People filed and submitted a Motion for *Vaughn* Index on March 21, 2008. It is set for hearing on October 2, 2008.

In addition, the parties believe this case is suitable for disposition on a motion and cross-motion for summary judgment. The parties will meet and confer prior to the filing of cross-motions for summary judgment in an attempt to reduce the number of documents in the litigation and to narrow the dispositive issues. The parties agree that it would not be appropriate for the Court to set a schedule for hearing any summary judgment motion until the People have had the opportunity to review a *Vaughn* index.

5.    <u>Amendment of pleadings</u>: The parties do not expect any amendments to the pleadings.

6.    <u>Evidence preservation</u>: The People do not believe they have any evidence – other than correspondence attached to the Complaint, and subsequent documents provided by FDA – relevant to the issues reasonably evident in this action. FDA contends that, depending upon whether the People contest the relevance and operation of the queue, it may be relevant to present evidence regarding the length of the queue and where the People's request lies within it.

7.    <u>Disclosures</u>: The parties agree that initial disclosures should not be required given the nature of this case. Plaintiff contends that the documents that would be required as its initial disclosures are attached to the complaint.

8.    <u>Discovery</u>: The parties do not presently intend to conduct discovery.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER – CASE NO. C08-02741 MEJ

9. <u>Class actions</u>: This is not a class action.

10. <u>Related cases</u>: The People are not aware of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

11. <u>Relief</u>: The People seek the following relief:

(a) An itemized index from FDA, for all withheld documents and portions of documents, containing all information needed to evaluate each claimed exemption, including but not limited to identification of the segregable portions of the documents withheld, the nature of the information contained in each portion, whether factual information is contained in each portion, and the specific justification for withholding of each such portion ("*Vaughn* index");

(b) An injunction against continued withholding of all records or portions of records improperly withheld, and an order directing their immediate disclosure to the People;

(c) An award of costs and attorneys' fees to the People pursuant to 5 U.S.C. § 552(a)(4)(E); and

(d) Such other and further relief as the Court shall deem just and proper.

12. <u>Settlement and ADR</u>: The parties do not believe this case is a good prospect for settlement. An ADR Phone Conference is scheduled to take place on September 2, 2008. The parties do not request assignment to any additional ADR process at this time.

13. <u>Consent to Magistrate Judge for All Purposes</u>: The parties consent to the assignment of this case to a United States Magistrate Judge.

14. <u>Other references</u>: The parties do not request reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of the Issues</u>: The parties will meet and confer prior to the filing of cross-motions for summary judgment in an attempt to agree on a briefing schedule, reduce the number of documents in the litigation, and narrow the dispositive issues.

16. <u>Expedited schedule</u>: The People believe that this is the type of case that can and should be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: The People believe that, given the time that has elapsed, the Court should order FDA to produce a *Vaughn* index promptly, and not set a schedule for the filing of

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER – CASE NO. C08-02741 MEJ

cross-motions for summary judgment until FDA has done so. It is the People's view that the interests of judicial economy require a single hearing for the parties' cross-motions for summary judgment. The People's ability to file a motion for summary judgment, however, will depend on the timing of their receipt of an adequate *Vaughn* index, as without it they may need to move for supplementation of FDA's index prior to filing the summary judgment motion.

18. <u>Trial</u>: The parties do not anticipate that there will be a trial in this case. However, in the event the action is not resolved through dispositive motion(s) for summary judgment, the People estimate that a trial will last no longer than 2 days. Such a trial would be a bench trial. Depending on the issues, it may be possible to reduce the length of the trial by stipulation, use of summaries or statements or other expedited means of presenting evidence. Should the Court determine, after the filing of any dispositive motion(s), that there remain triable issues of fact, the People propose that a further case management conference be held for the purpose of setting a trial schedule.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Not applicable.

Respectfully submitted,
EDMUND G. BROWN JR.                                JOSEPH A. RUSSONIELLO
Attorney General of the State of California        United States Attorney


_____/s/_____                              _____/s/_____
Laura J. Zuckerman                                 Abraham Simmons
Deputy Attorney General                            Assistant United States Attorney
Dated: August 28, 2008                             Dated: August 28, 2008


## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as

/ / /

/ / /

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER – CASE NO. C08-02741 MEJ

the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated: _____

_____
HON. MARIA-ELENA JAMES
Chief Magistrate Judge
United States District Court

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER – CASE NO. C08-02741 MEJ